**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GERMAN SALAZAR, | ) | Case No. 12-13003-BFK |
| | ) | Chapter 13 |
| Debtor. | ) | |
| _____ | ) | |
| GERMAN SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 17-01102-BFK |
| JP MORGAN CHAS BANK, NA dba CHASE HOME FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING ADVERSARY PROCEEDING**

This matter is before the Court on the Court's Order to Show Cause. Docket No. 9. Alisa L. Correa, Esquire, Counsel for the Debtor, was present in person. The Debtor's Chapter 13 Plan in the above case called for the avoidance, or strip-off, of a second mortgage lien in favor of Chase Home Finance. Case No. 12-13003-BFK, Docket No. 20, ¶ 7(B). The Order confirming the Plan, entered on December 11, 2012, required that any avoidance action under Section 7(B) be filed within sixty (60) days of entry of the confirmation Order. *Id*., Docket No. 33, ¶ 6. The Debtor did not file this adversary proceeding until October 17, 2017, four years and ten months after entry of the Confirmation Order. Docket No. 1.

Further, Bankruptcy Rule 7004(a)(1) incorporates Federal Rule of Civil Procedure 4(m), which requires service of the summons and complaint within 90 days of the filing of the complaint (effective December 1, 2015). If the summons and complaint are not served within 90 days, then "the court – on motion or on its own after notice to the plaintiff – must dismiss the

action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows good cause for the failure. Bankruptcy Rule 7004(a)(1). The summons and complaint were not served within 90 days in this adversary proceeding. As of the hearing on April 3, 2018, there was no Certificate of Service in the Court's file, despite the fact that Plaintiff's counsel had requested the issuance of two Alias Summonses from the Clerk. Docket Nos. 7, 15.

The Court found at the hearing that the reasons proffered by Plaintiff's counsel for not filing the Complaint within 60 days after confirmation of the Plan did not amount to excusable neglect. The Court further found that the Plaintiff did not demonstrate good cause for the failure to serve the summons and complaint within 90 days of the filing of the complaint.

It is, therefore **ORDERED:**

1. This adversary proceeding is dismissed without prejudice.

2. The Clerk will mail copies of this Order, or give electronic notice of its entry, to the parties listed below.

Date: Apr 4 2018

Alexandria, Virginia

/s/ Brian F. Kenney

Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket:4/4/2018 sas

Copies to:

German Salazar
8665 Night Watch Ct.
Bristow, VA 20136
*Debtor*

2

Alisa L. Correa
4196 Merchant Plaza
Suite 706
Woodbridge, VA 22192
*Counsel for Debtor*

JP Morgan Chas Bank, NA d/b/a
Chase Home Finance
Reg. Agent: CT Corporation System
1201 Peachtree Street NE
Atlanta, GA 30361
*Defendant*

Thomas P. Gorman
Chapter 13 Trustee
300 N. Washington St.
Suite 400
Alexandria, VA 22314
*Defendant*